UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

SUCCESSION OF FRANCIS XAVIER                CIVIL ACTION
BERTHELOT and EVELYN ROSS BERTHELOT


v.                                          NO. 06-9989


FARMERS INSURANCE EXCHANGE, ET AL.          SECTION "F"


ORDER AND REASONS

Before the Court is Mahlon L. Oustalet, Inc.'s motion for reconsideration. For the reasons that follow, the motion is DENIED.

The facts of this case are outlined in the Court's Order of July 6, 2007, in which the Court denied Oustalet's motion to dismiss. The Court found that the plaintiffs' claims against Oustalet were not perempted under Louisiana law because he made a misrepresentation to the plaintiffs in 2005. Oustalet now moves the Court to reconsider this ruling, stating that the Court has misapplied Louisiana's peremption statute.

Although the Federal Rules of Civil Procedure do not recognize a motion for reconsideration, the Fifth Circuit has held that such motions, if filed within ten days after entry of judgment, must be treated as motions to alter or amend under Rule 59(e); if filed after ten days, the Court must hold them to the more stringent

1

standards of a Rule 60(b) motion for relief from judgment. Lavespere v. Niagara Machine & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990), abrogated on other grounds by Little v. Liquid Air Corp., 37 F.3d 1069, 1075, n. 14 (5th Cir. 1994) (en banc).  On July 6, 2007, the Court denied Oustalet's motion to dismiss.  The Order was entered into the record on the same day.  The plaintiff filed this motion on July 20.  Because the present motion for reconsideration was filed within ten working days of entry of the Court's Order granting summary judgment and questions the correctness of the Court's ruling, the Court treats it as a motion under Federal Rule of Civil Procedure 59(e).  See, e.g., U.S. v. Deutsch, 981 F.2d 299 (7th Cir. 1992) (substantive motion served within ten days is treated as a motion under 59(e)); U.S. v. One Dodge Pickup, 959 F.2d 37 (5th Cir. 1992) (motion that calls into question the correctness of the court's ruling is treated as a motion under Rule 59(e)).

Because of interest in finality, motions for reconsideration may only be granted if the moving party shows there was a mistake of law or fact or presents newly discovered evidence that could not have been discovered previously.  Templet v. Hydrochem, Inc., 367 F.3d 473, 478-79 (5th Cir. 2004).  Moreover, Rule 59 motions should not be used to relitigate old matters, raise new arguments, or submit evidence that could have been presented earlier in the proceedings.  See id. at 479; Simon v. United States, 891 F.2d

2

1154, 1159 (5th Cir. 1990).  The grant of such a motion is an "extraordinary remedy."  <u>Indep. Coca-Cola Employees' Union of Lake Charles, No. 1060 v. Coca-Cola Bottling Co. United, Inc.</u>, No. 04-30142, 2004 WL 2554847, at *4 (5th Cir. Nov. 11, 2004) (citing <u>Templet v. Hydrochem, Inc.</u>, 367 F.3d 473, 479 (5th Cir. 2004)).

In denying the motion to dismiss, this Court analyzed the language in the plaintiff's initial complaint, considered the pleadings of the parties, and applied relevant case law to the facts.  The Court found that the date of Oustalet's last alleged act, omission, or neglect that is relevant for the application of the peremption statute is Oustalet's misrepresentation of 2005.  Therefore, the peremption statute is inapplicable and the plaintiffs' claims against Oustalet remain.

While Oustalet may disagree with this Court's holding, he raises no new arguments and appears to desire to relitigate the same issues raised in his motion to dismiss.  He has not presented a mistake of law or fact that would entitle him to the extraordinary remedy that Rule 59 is designed to provide.

Accordingly, IT IS ORDERED: that Oustalet's motion for reconsideration is DENIED.

New Orleans, Louisiana, August 22, 2007.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE